# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:18-CR-00037-JCB-** |
| **v.** § | **JDL** |
| § | |
| § | |
| **KENDRICK WAYNE WILLIE (5)** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 24, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kendrick Wayne Willie. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guidelines for this offense directed that if Defendant was convicted, the guideline sentence would be the minimum term of imprisonment required by statute. Because Defendant possessed a short-barreled rifle, the minimum term of imprisonment required by statute is 60 months. On October 2, 2019, pursuant to a binding plea agreement, U.S. District Judge Robert W. Schroeder III of the Eastern District of Texas sentenced Defendant to 72 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol prohibition, and substance abuse testing and treatment. On August 15, 2023, Defendant completed his period of imprisonment and began

1

service of the supervision term. The case was then transferred to U.S. District Judge J. Campbell Barker.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. Defendant was also required to submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 21, 2023, January 11, 2024, January 31, 2024, February 20, 2024, and January 15, 2025, when Defendant submitted urine specimens that tested positive for marijuana, which were confirmed to be positive at the lab.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by testing positive for marijuana, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 5 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 5 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas. The parties waived

their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of February, 2025.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE